

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

DAYLE ELIESON
United States Attorney
District of Nevada
ROBERT A. KNIEF
KILBY MACFADDEN
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Fax: 702-388-6418
robert.knief@usdoj.gov
kilby.macfadden@usdoj.gov
*Representing the United States of America*

```
         FILED              RECEIVED
         ENTERED            SERVED ON
                   COUNSEL/PARTIES OF RECORD

            FEB - 7 2018

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN A. HOLPER, M.D.,<br><br>Defendant. | **SEALED<br>CRIMINAL INDICTMENT**<br><br>Case No.: 2:18-CR - 37<br><br>Violations:<br><br>21 U.S.C. § 841(a)(1) & (b)(1)(C) –<br>Distribution of a Controlled Substance<br>(Schedule II)<br><br>18 U.S.C. §1035(a)(2) – False Statement<br>Relating to a Health Benefit Program |

**THE GRAND JURY CHARGES THAT:**

At times material to this Indictment:

**Introduction**

1. The Defendant, Steven A. Holper M.D. ("Holper") is a licensed physician who has practiced medicine in Nevada since 1990 under Nevada License Number

6061. He maintains his medical practice at 3233 West Charleston Blvd # 202, Las Vegas, Nevada.

2. Defendant Holper's practice area is pain management. As part of his practice, he prescribes Controlled Substances, including opioids, with a Drug Enforcement Administration ("DEA") license number BH2498106.

3. Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance is not legal or effective unless it was issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

4. Fentanyl, a Schedule II controlled substance, is a powerful synthetic opioid painkiller that is 100 times more potent than morphine and 40 to 60 times more potent than 100% pure heroin. When legally prescribed for a legitimate medical purpose, fentanyl typically is used for the management of breakthrough cancer pain in cancer patients who are already receiving opioid medication for their underlying persistent pain. Fentanyl is available in various forms, including Subsys, which is a sublingual spray of fentanyl manufactured by INSYS Therapeutics. Subsys is a Schedule II Controlled Substance.

5. Subsys is only available through the Transmucosal Immediate-Release Fentanyl (TIRF) Risk Evaluation and Mitigation Strategy (REMS) Access program.

6. TIRF drugs are a subset of potent fentanyl-based drugs. TIRF drugs are sold under several brand names, including Subsys.

7. Because of the extreme risk of misuse, abuse, addiction, and overdose death associated with TIRF drugs, the FDA requires that all practitioners, pharmacists, and patients must be enrolled in an FDA REMS program before they are allowed to prescribe, dispense, or take Subsys.

8. The only FDA-approved indication for TIRF drugs is "for the management of breakthrough pain in patients with cancer who are already receiving, and who are tolerant to, around-the-clock opioid therapy for their persistent pain." There are no off-label uses approved for TIRF drugs, like Subsys.

9. Before prescribing a TIRF drug to a patient, the prescriber must fill out and sign a REMS form that explicitly states, "I understand that TIRF medicines are indicated only for the management of breakthrough pain in patients with cancer who are already receiving, and who are tolerant to, around-the-clock opioid therapy for their underlying persistent pain."

10. Patients and their caregivers must be instructed that TIRF medicines contain medicine which in any amount can be fatal to children, individuals for whom it is not prescribed, and to those who are not opioid-tolerant. Patients and caregivers must be advised to dispose of used unit dose systems immediately after use, and any unneeded unit dose systems remaining from a prescription, as soon as they are no longer needed.

11. Defendant Holper is both a recipient and prescriber of Subsys. As a medical professional and patient, he is aware of the legitimate medical purpose for prescriptions of Subsys, as well as the prescription regulations of TIRF REMS

3

and the dangers of fentanyl, especially to those who are not opioid tolerant or under the age of 18, based on his required TIRF REMS Access Program training.

12. On or about approximately January 27, 2015, Defendant Holper, approved Patient A's enrollment in the TIRF REMS Access Program, fraudulently stating that Patient A had been prescribed other Schedule II prescriptions, without success. Patient A had employer-provided health insurance.

13. Holper prescribed Subsys to Patient A, who did not have cancer, in violation of the TIRF REMS Access Program guidelines. From on or about September 2014 to March 2016, Defendant Holper prescribed outside the usual course of professional practice and without a legitimate medical purpose, and then illegally distributed fentanyl in the form of Subsys to Patient A.

14. Defendant Holper also prescribed various Schedule II controlled substances including Subsys, Hydromorphone, and OxyContin for Patient A from approximately April 18, 2013 until June 2015. He last prescribed Subsys 600 mcg spray 60 on or about June 8, 2015 to Patient A.

15. From on or about July 2015 through in or about March 2016, after Defendant Holper stopped prescribing Subsys to Patient A, he regularly provided Patient A Subsys canister sprays, without a prescription.

16. Patient A used a small tool to open the Subsys canister sprays to access the remaining fentanyl. Patient A then used a syringe to inject the fentanyl into his/her arm.

17. On Saturday, March 12, 2016, Patient A retrieved used Subsys canisters from Defendant Holper's residence in the late morning. Later the day, Patient A died.

His/her death was ruled accidental and a condition relating to his/her cause of death was classified as Fentanyl intoxication.

18. In fatalities from fentanyl, blood concentrations are variable and have been reported as low as 3 ng/mL. Patient A's fentanyl level was approximately 12 ng/mL when he/she died. Hundreds of Subsys canister sprays were found in and around Patient A's bedroom, bathroom, work place, and vehicle after Patient A's death. If Patient A had not used remaining fentanyl from the used Subsys canisters Patient A received from Defendant Holper, Patient A would not have died when he/she did.

19. As part of his medical practice, Defendant Holper prescribed Subsys to his patients, Patients A-V, who did not have cancer in violation of TIRF REMS regulations, which resulted in health insurance providers continuing to pay for Subsys prescriptions.

## COUNTS ONE THROUGH SEVEN
(*Distribution of Controlled Substances - Schedule II*)

The Grand Jury incorporates Paragraphs One through Nineteen as though fully set forth herein.

On or about the dates set forth below, in the State and Federal District of Nevada,

**STEVEN A. HOLPER,**

Defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of a Schedule II controlled substance,

Fentanyl, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

| Count | Approx. Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 1 | July 19, 2015 | Patient A | Fentanyl, a/k/a "Subsys" |
| 2 | September 12, 2015 | Patient A | Fentanyl, a/k/a "Subsys" |
| 3 | September 23, 2015 | Patient A | Fentanyl, a/k/a "Subsys" |
| 4 | October 10, 2015 | Patient A | Fentanyl, a/k/a "Subsys" |
| 5 | February 9, 2016 | Patient A | Fentanyl, a/k/a "Subsys" |
| 6 | February 20, 2016 | Patient A | Fentanyl, a/k/a "Subsys" |
| 7 | March 12, 2016 | Patient A | Fentanyl, a/k/a "Subsys" |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and Title 21, Code of Federal Regulations, Section 1306.04.

## COUNTS EIGHT THROUGH TWENTY NINE

*(False Statement Relating to a Health Benefit Program)*

The Grand Jury incorporates Paragraphs One through Nineteen as though fully set forth herein.

On or about November 21, 2013, through March 24, 2017, in the State and Federal District of Nevada, and elsewhere,

**STEVEN A. HOLPER,**

6

Defendant herein, in a matter involving a health care benefit program, to wit: Medicare and Private Health Insurance, knowingly and willfully made a materially false, fictitious, and fraudulent statement, to wit: representing that Patients A-V all were cancer patients with breakthrough cancer pain, who were opioid tolerant and eligible for Subsys prescriptions, in connection with the delivery of and payment for health care benefits, items, and services, with each Patient, identified herein as Patients A-V, constituting a separate violation of Title 18, United States Code, Section 1035(a)(2).

| COUNT | Patient | Approx. Start Date | Approx. End Date | Unauthorized Prescription | Health Care Benefit |
|---|---|---|---|---|---|
| 8 | Patient A | 9.25.14 | 6.8.15 | Subsys | Private Insurance Plan |
| 9 | Patient B | 7.21.14 | 11.23.15 | Subsys | Medicare |
| 10 | Patient C | 10.22.14 | 10.15.15 | Subsys | Medicare |
| 11 | Patient D | 3.13.14 | 12.8.15 | Subsys | Medicare |
| 12 | Patient E | 11.21.13 | 1.2.15 | Subsys | Medicare |
| 13 | Patient F | 5.1.14 | 11.17.15 | Subsys | Medicare |
| 14 | Patient G | 3.27.2014 | 3.27.2014 | Subsys | Medicare |
| 15 | Patient H | 11.25.13 | 12.8.16 | Subsys | Medicare |
| 16 | Patient I | 7.23.15 | 11.20.15 | Subsys | Private Insurance Plan |
| 17 | Patient J | 8.5.14 | 11.24.15 | Subsys | Medicare |
| 18 | Patient K | 1.15.14 | 12.3.15 | Subsys | Medicare |
| 19 | Patient L | 1.13.14 | 12.4.15 | Subsys | Medicare |

| COUNT | Patient | Approx. Start Date | Approx. End Date | Unauthorized Prescription | Health Care Benefit |
|---|---|---|---|---|---|
| 20 | Patient M | 1.3.14 | 12.4.15 | Subsys | Medicare |
| 21 | Patient N | 2.28.15 | 7.14.15 | Subsys | Medicare |
| 22 | Patient O | 6.18.14 | 11.20.15 | Subsys | Medicare |
| 23 | Patient P | 8.26.15 | 12.2.15 | Subsys | Medicare |
| 24 | Patient Q | 7.30.15 | 12.7.16 | Subsys | Medicare |
| 25 | Patient R | 7.29.15 | 3.13.17 | Subsys | Medicare |
| 26 | Patient S | 8.28.14 | 12.16.15 | Subsys | Medicare |
| 27 | Patient T | 3.24.15 | 12.8.15 | Subsys | Medicare |
| 28 | Patient U | 6.16.15 | 2.21.17 | Subsys | Medicare |
| 29 | Patient V | 1.9.15 | 11.31.16 | Subsys | Medicare |

## FORFEITURE ALLEGATION ONE

*(Distribution of Controlled Substances - Schedule II)*

1. The allegations of Counts One through Seven of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1); Title 21, United States Code, Section 853(a)(2); and Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts One through Seven of this Criminal Indictment,

**STEVEN A. HOLPER,**

Defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense:

Defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21, United States Code, Section 841(a)(1):

Defendant herein, shall forfeit to the United States of America, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of Title 21, United States Code, Section 841(a)(1):

Defendant herein, shall forfeit to the United States of America, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violations of Title 21, United States Code, Section 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Section 841(a)(1):

An in personam criminal forfeiture money judgment including, but not limited to, at least $3,504,912.21 (property).

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1); Title 21, United States Code, Section 853(a)(2); and Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $3,504,912.21.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Sections 841, 853(a)(1), 853(a)(2), and (p); and Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION TWO

*(False Statement Relating to a Health Benefit Program)*

1. The allegations contained in Counts Eight through Twenty-Nine of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(a)(7).

2. Upon conviction of any of the felony offenses charged in Counts Eight through Twenty-Nine of this Criminal Indictment,

**STEVEN A. HOLPER,**

Defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1035(a)(2), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(F), involving a Federal health care offense as defined in Title 18, United States Code, Section 24, or a conspiracy to commit such offense:

Defendant herein, shall forfeit to the United States of America, property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of Title 18, United States Code, Section 1035(a)(2), involving a Federal health care offense as defined in Title 18, United States Code, Section 24:

An in personam criminal forfeiture money judgment including, but not limited to, at least $3,504,912.21 (property).

11

3. If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(a)(7), as a result of any act or omission of the defendant-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $3,504,912.21.

//
//
//
//
//
//
//
//
//

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(7); Title 18, United States Code, Section 1035(a)(2); and Title 21, United States Code, Section 853(p).

**DATED:** this 7th day of February, 2018.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

DAYLE ELIESON
United States Attorney

*KMacfadden*

KILBY MACFADDEN
ROBERT A. KNIEF
Assistant United States Attorneys