DAYLE ELIESON
United States Attorney
ROBERT KNIEF
KILBY MACFADDEN
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101
Telephone: (702) 388.6336
Email: kilby.macfadden@usdoj.gov
*Representing the United States of America*



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN A. HOLPER, M.D.,<br><br>Defendant. | Case No.: 2:18-cr-00037 JAD-NJK<br><br>PLEA AGREEMENT UNDER FED. R. CRIM. P. 11 (c)(1)(A) and (B) |

Plaintiff United States of America, by and through DAYLE ELIESON, United States Attorney, and ROBERT KNIEF and KILBY MACFADDEN, Assistant United States Attorneys, the Defendant, STEVEN HOLPER, M.D. and the Defendant's attorney, CHRIS FREY, ESQ., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.    SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and STEVEN A. HOLPER (the Defendant). This Plea Agreement binds the Defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution, and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the Defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The Defendant knowingly and voluntarily agrees to plead guilty to the Criminal Indictment filed February 7, 2018:

**Count Two:** Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

At the time of sentencing, the Government will move to dismiss the remaining counts of the Criminal Indictment.

B. <u>Waiver of Trial Rights</u>. The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all Defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

2. The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf, and;

2

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. <u>Withdrawal of Guilty Plea</u>. The Defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada which culminated in the Criminal Indictment and this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the Defendant for any crime of violence as defined by 18 U.S.C. § 16 in which the Defendant may have participated.

### III. ELEMENTS OF THE OFFENSES

**Count Two**: The elements of Distribution of Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) are:

First, beginning on a date unknown but in no earlier than July 2015 and continuing through on or about March 2016, the Defendant knowingly distributed Schedule II controlled substances, to wit: Fentanyl;

Second, the Defendant knew that the controlled substances were Fentanyl, or some other prohibited drug;

Third, the Defendant distributed the controlled substances outside the usual course of professional practice and not for a legitimate medical purpose; and

Fourth, the Defendant intended to distribute the controlled substances outside the course of his professional practice.

Ninth Cir. Model Criminal Jury Instr., Criminal 9.18; Title 21 C.F.R. § 1306.04; *United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006).

IV. **FACTS SUPPORTING GUILTY PLEA**

A. The Defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B. The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The Defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. Both the United States and the Defendant agree that this section of the Plea Agreement does not contain all of the relevant information known to the Defendant. The parties also agree that the facts contained in Section IV provide a sufficient factual basis for the crime to which Defendant is pleading guilty, but the facts contained in Section IV are not an exhaustive statement by the Defendant.

E. The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

At all times relevant to the Criminal Indictment:

1. The Defendant, STEVEN A. HOLPER, M.D. ("Defendant"), was a licensed physician who, since 1990, practiced medicine in Nevada under Nevada License Number 6061, specializing in pain management in Las Vegas, Nevada.

2. As part of his medical practice, he prescribed Schedule II Controlled Substances, including Fentanyl, Hydrocodone and Oxycodone, under his Drug Enforcement Administration ("DEA") license number BH2498106.

3. Defendant knew that under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a Schedule II controlled substance was lawful only when written for a legitimate medical purpose by a practitioner acting in the usual course of his or her professional practice.

4. Between approximately July 2015 and March 2016, Defendant prescribed and distributed dosages and amounts of Fentanyl, Oxycodone and Hydrocodone, to his patients outside the usual course of his professional practice and without a legitimate medical purpose.

5. Defendant did so with the intent to prescribe Fentanyl, Oxycodone and Hydrocodone outside the course of his professional practice and without a legitimate medical purpose.

6. All of the foregoing occurred in the State and Federal District of Nevada and elsewhere.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the Defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the Defendant's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

. . .

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The Defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the Defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

The Defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

**Group 1: Count 2:** 21 U.S.C. §§ 841(a)(1), (b)(1)(C)

| Offense Level Calculation | | USSG |
|---|---|---|
| Base Offense Level[1] | 26 | § 2D1.1(c)(7) |
| Use of Special Skill | +2 | § 3B1.3 |
| **Adjusted Offense Level (Subtotal)** | 28 | |
| Contingent Reduction for Acceptance of Responsibility | -2 | § 3E1.1(a) |
| Contingent Reduction for Government Motion for Acceptance of Responsibility | -1 | § 3E1.1(b) |
| **Final Adjusted Offense Level** | 25 | |

---

[1] The Group 1 base offense level was calculated as follows: there were distributions of Fentanyl, Oxycodone and Hydrocodone totaling the equivalency of 410 kg of marijuana. The parties stipulate to this calculation for purposes of sentencing only, using the USSG Guidelines Manual effective November 1, 2016.

6

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG § 3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), if the Court determines that the Defendant's total offense level, before operation of § 3E1.1(a), is 16 or higher, and if the United States recommends a two-level downward adjustment pursuant to the preceding paragraph, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

D. <u>Criminal History Category</u>. The Defendant acknowledges that the Court may base his sentence in part on the Defendant's criminal record or criminal history. The Court will determine the Defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in

7

determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the Defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the Defendant to withdraw his guilty plea. The Defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The Defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the Defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty under 21 U.S.C. §§ 841(a) and 841(b)(1)(C) is 20 years imprisonment, a fine of $1,000,000, or both. The maximum penalty under 18 U.S.C. §1035(a)(2) is 5 years imprisonment, a fine of $250,000, or both.

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence.

C. <u>Parole Abolished</u>. The Defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the Defendant will be subject to a three-year term of supervised release. Supervised release is a period of time after release from prison during which the Defendant will be subject to various restrictions and requirements. If the Defendant violates any condition of supervised release, the Court may order the Defendant's return to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment equal to the statutory maximum prison sentence of 20 years imprisonment.

E. <u>Special Assessment</u>. The Defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The Government will recommend that the Court sentence the Defendant to a sentence within the Sentencing Guidelines range as determined by the Court. Notwithstanding its agreement to recommend that the Defendant be sentenced as described in this Plea Agreement, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The Defendant may seek a downward adjustment pursuant to 18 U.S.C. § 3553, including probation, from any sentence the Court may impose.

The Defendant acknowledges that the Court does not have to follow these recommendations.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the Defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the Defendant caused by his schemes or offenses, whether charged or uncharged, pleaded to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3).

## X. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The Defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XI. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The Defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The Defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of

proceeding to trial. The Defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened his to enter into this Plea Agreement.

  B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

  The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

  The Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or an upward variance from the Sentencing Guidelines range determined by the Court.

  The Defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

  C. <u>Removal / Deportation Consequences</u>. The Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The Defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The Defendant desires to plead guilty regardless of any immigration

consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal / deportation consequences with his attorney.

## XII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the Defendant, the Defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DAYLE ELIESON,
United States Attorney

DATE 12.10.18

_____
KILBY MACFADDEN
Assistant United States Attorney

DATE 12/10/18

_____
CHRIS FREY
Counsel for the Defendant

DATE 12/10/18

_____
STEVEN A. HOLPER, M.D., Defendant

12