**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN HOLPER,<br><br>　　　　　　　　　Petitioner<br>v.<br>WARDEN STEVE KALLIS,<br><br>　　　　　　　　　Respondent | Case No. 2:20-cv-00935-JAD-EJY<br><br>**Order Denying Petition for Writ of Habeas Corpus / Motion for Compassionate Release**<br><br>[ECF No. 1] |

Petitioner Steven Holper, a federal prisoner, is serving a 41-month custodial sentence after pleading guilty in a federal criminal case in the District of Nevada.[1] Holper recently filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District of Minnesota, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his age and health conditions put him at greater risk of complications from the COVID-19 virus.[2] Though I am deeply sympathetic to Holper's situation, I deny his motion without prejudice because he has not exhausted the statutorily mandated process for seeking this relief.

## Background

Holper was remanded to federal custody in October 2019 to begin serving his sentence for distribution of a controlled substance.[3] He is currently incarcerated at the Bureau of Prison's (BOP's) Federal Medical Center in Rochester, Minnesota.

On May 6, 2020, Holper filed a document in the District of Minnesota titled "petition for a writ of habeas corpus pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)."[4] The petition alleges that the District of Minnesota is vested with original jurisdiction under 28 U.S.C. § 2241. Holper seeks release from confinement because he is 68 years old and suffers from a host of medical conditions, including:

---

[1] *United States v. Steven A. Holper*, Case No. 2:18-cr-00037-JAD-NJK.

[2] ECF No. 1.

[3] Case No. 2:18-cr-00037-JAD-NJK, ECF No. 72.

[4] ECF No. 1.

>   (1) a first degree A.V. block (atrial ventricular) , (2) hypertension with associated dyspnea (shortness of breath) upon exertion; (3) acute chest tightness with even minor activity; (4) advanced sleep apnea syndrome two failed sleep tests revealed that the petitioner was unable to be treated with CPAP; (5) and a chronic open lesion of the the [*sic*] right heel with exposure of the calcaneus bone (heel bone) with associated osteomyelitis.[5]

In addition, Holper represents that he previously underwent coronary artery bypass and has been diagnosed with borderline diabetes due to a high A1C level, which is currently addressed by diet control.[6] He contends that his medical needs put him at greater risk of complications from the COVID-19 virus.

Holper acknowledges that Attorney General William Barr recently directed the BOP to prioritize the use of home confinement for eligible inmates at high risk for severe illness from the COVID-19 virus.[7] He claims the BOP takes "forever-and a day" to implement appropriate policies and procedures for administrative action, but "the federal courts have begun granting emergency writs ordering prisoners released from federal custody who are at high risk for the virus."[8] Based on Holper's "lengthy list of medical maladies" and the BOP's purported "inability to get off the dime and move with dispatch under ANY circumstances," he argues that the "court should feel compelled to immediately issue an emergency writ of habeas corpus ordering the [BOP] to release the Petitioner from custody and return him to his home."[9]

On May 14, 2020, the District of Minnesota entered an order transferring Holper's petition to the District of Nevada.[10] The court noted that a petition for writ of habeas corpus challenges the legality of the fact or duration of a petitioner's confinement, and Holper is not

---

[5] *Id.* at 2.

[6] *Id.* at 3.

[7] *Id.* at 4. *See also* Memo. from Attorney Gen. Barr to BOP Dir. on Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), *available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last visited May 28, 2020), Memo. from Attorney Gen. Barr to BOP Dir. on Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), *available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last visited May 28, 2020).

[8] ECF No. 1.

[9] *Id.*

[10] ECF No. 4.

making such a challenge.[11]  Instead, he requests relief under 18 U.S.C. § 3582(c), which allows federal prisoners to move for a reduction in sentence due to a change in circumstances since the time that the original sentence was imposed.[12]  Because "Holper argues that his sentence should be reduced due to the pandemic and his current medical needs, not because his continued confinement is unlawful," the court concluded that his "pleading is more appropriately characterized as a motion for relief under § 3582(c) rather than a habeas petition."[13]  The distinction between habeas and § 3582(c) matters greatly because a habeas petition is properly filed in the district where a petitioner is confined—and Holper is currently confined within the District of Minnesota—but a § 3582(c) motion must be filed in the criminal proceedings in the district where the movant was convicted and sentenced, *i.e.*, Holper's criminal case in the District of Nevada.[14]  Accordingly, the court transferred Holper's petition to this district "for consideration as a motion filed in *United States v. Holper*," 2:18-cr-00037-JAD-NJK.[15]

## Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[16]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[17] is an exception to this limitation.  It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[18]  The court may entertain an inmate's request for compassionate release under § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion"

---

[11] *Id.* at 1–2.

[12] *Id.* at 2.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[17] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[18] 18 U.S.C. § 3582(c)(1)(A)(i).

on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[19]

Section 3582(c) states that "[t]he court *may not* modify a term of imprisonment once it has been imposed," except under specified conditions.[20] For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the BOP's inaction for 30 days.[21] Thus, the exhaustion requirement is imposed by the express language of the statute itself; it is not judicially created. As the United States Supreme Court explained in *Ross v. Blake*, while "judge-made exhaustion doctrines . . . remain amenable to judge-made exceptions[,] . . . a statutory exhaustion provision stands on different footing. There Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to."[22] Courts may not carve out exceptions that Congress did not provide, even "special circumstances" ones, because "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."[23]

Holper makes no allegation or showing that he has exhausted or attempted to exhaust his administrative remedies with the BOP. Rather, he alleges that the BOP is completely unable to move as fast as he would like. Given Congress's decision to mandate exhaustion and specify this singular, express exception, this court cannot overlook Holper's apparent failure to exhaust.[24] Because Holper did not exhaust the administrative process before filing his request

---

[19] *Id.*

[20] 18 U.S.C. § 3582(c) (emphasis added).

[21] 18 U.S.C. § 3582(c)(1)(A).

[22] *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility.'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))).

[23] *Id.* at 1856–58.

[24] *See Ross*, 136 S. Ct. at 1856, 1862 (concluding that the Prison Litigation Reform Act's "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account"). There are also sound policy reasons to require an inmate to present his COVID-19 compassionate-release request first to the BOP. The Attorney General has empowered the BOP to transfer suitable candidates with COVID-19 risk factors to home confinement. *See*, *supra*, n.7. The exhaustion doctrine recognizes "that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer" and allows the agencies to apply their "special

4

for compassionate release, it must be denied for failure to exhaust. If Holper intends to seek such relief again after exhausting the BOP's administrative process, he should file his request as a motion in his criminal case (*United States v. Holper*, 2:18-cr-00037-JAD-NJK).[25]

### Conclusion

IT IS THEREFORE ORDERED that Petitioner Steven Holper's Petition for Writ of Habeas Corpus / Motion for Compassionate Release **[ECF No.1 ] is DENIED, and this habeas action is DISMISSED without prejudice for lack of exhaustion.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

- FILE a copy of the petition [ECF No. 1] and this order in Holper's criminal case: *United States v. Holper*, 2:18-cr-00037-JAD-NJK;
- ENTER FINAL JUDGMENT accordingly, dismissing this habeas action without prejudice; and
- CLOSE THIS CASE.

Dated: June 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

expertise." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992), *superseded by statute on other grounds*. "Because defendant is in BOP custody, the BOP is in a better position to initially determine [his] medical needs, the specific risk of COVID-19 to [him] and the inmates generally at" his facility, "the risk to the public if [he] is released[,] and whether [his] release plan is adequate." *United States v. Read-Forbes*, 2020 WL 1888856, at *4 (D. Kan. Apr. 16, 2020).

[25] The court takes no position in this order about the potential success or merit of such a motion.